# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR TERRELL TAYLOR,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents.*

3:08-cv-00401-ECR-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#26) to dismiss, petitioner's motion (#47) for leave to file a supplemental opposition, and respondents' motion (#51) to file a late response to the motion for leave to file a supplemental opposition.  In the motion to dismiss, respondents contend: (a) that the claims presented are not fully exhausted; (b) that the petition is time barred under the federal one-year limitation period in 28 U.S.C. § 2244(d)(1); (c) that the claims in the counseled amended petition do not relate back to the claims in the original petition; and (d) that the claims in the petition are procedurally defaulted. The Court reaches only the exhaustion issues at this juncture, subject to the filing of a renewed motion to dismiss, pursuant to the discussion at the end of this order, following completion of all proceedings pertaining to the lack of complete exhaustion.

### *Preliminary Matters*

In the motion (#47) for leave to file a supplemental opposition, petitioner seeks to file a supplemental opposition because petitioner's counsel failed to respond to respondents' relation-back arguments and procedural default defense in the original opposition.

1   Respondents noted these omissions in their reply.  They accordingly sought entry of judgment

2   in their favor pursuant to Local Rule 7-2(d).  Under the local rule, the failure to file points and

3   authorities in response to a motion in full or in part constitutes a consent to the granting of the

4   motion to the extent to which no response is made.  *See,e.g., Joseph v. Las Vegas*

5   *Metropolitan Police Dept.*, 2010 WL 3238992, slip op. at *5 (D. Nev., Aug. 13, 2010).

6   Petitioner thereafter sought leave by the pending motion to supplement the original opposition

7   to address the relation back and procedural default issues.

8         Respondents' motion (#51) to file a late response follows upon respondents' counsel's

9   oversight in failing to properly calendar the deadline to respond to petitioner's motion.

10  Respondents include a reply to the supplemental opposition within their tendered filing (#52).

11        Both motions will be granted.  The Court prefers to resolve the issues presented on the

12  facts and the law rather than based upon at least these particular prior defaults of counsel

13  herein, especially in matters pertaining to potential dismissal of claims.

14        The Court notes, now again in the present case, that such incomplete responses by

15  attorneys with the Federal Public Defender have become more frequent recently.  Counsel

16  with the Federal Public Defender should not assume that a failure to respond in full or in part

17  to a motion to dismiss will be excused either prior to or after judgment.

18                    ***Factual and Procedural Background***

19        Petitioner Omar Terrell Taylor challenges his Nevada state conviction, pursuant to an

20  *Alford* plea, of first degree murder and manslaughter.

21        The judgment of conviction was filed on September 2, 1997.[1]

22        Taylor did not file a direct appeal.  The time for doing so expired on October 2, 1997.

23        The Nevada limitation period for filing a state post-conviction petition expired one year

24  after the judgment of conviction, on September 2, 1998.

25        Under 28 U.S.C. § 2244(d)(1), the limitation period for filing a federal petition, unless

26  tolled, expired on October 2, 1998, one year after the expiration of the time to appeal.

27

28        [1]See #13, Ex. 10.  A more extensive recital of the factual and procedural background is at #22, 1-4.

1   On or about March 30, 2001, Taylor filed a motion to discharge his attorney, which was
2 granted by the state district court.[2]

3   On or about May 5, 2003, Taylor filed a motion for transcripts, which was denied by the
4 state district court.[3]

5   On or about October 24, 2003, Taylor mailed a state post-conviction petition to the
6 state district court clerk for filing.  The Supreme Court of Nevada affirmed the denial of this
7 petition on the basis that the petition was untimely and on the basis of laches.  The remittitur
8 issued on September 14, 2004.[4]

9   Nearly three years later, on July 16, 2007, Taylor mailed a second state post-conviction
10 petition to the state district court clerk for filing.  The Supreme Court of Nevada affirmed the
11 denial of this second petition also on the basis that the petition was untimely and on the basis
12 of laches.  The remittitur issued on May 13, 2008.[5]

13   On or about July 14, 2008, petitioner mailed the original federal petition in this matter
14 to the Clerk of this Court for filing.[6]

15           ***Governing Law***

16   Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court
17 remedies on a claim before presenting that claim to the federal courts.  To satisfy this
18 exhaustion requirement, the claim must have been fairly presented to the state courts
19 completely through to the highest court available, in this case the state supreme court.  *E.g.,*
20 *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d
21 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal

22

23  [2]#13, Ex. 11.

24  [3]#13, Exhs. 12-14.

25  [4]#13, Exhs. 15, 21 & 23.

26  [5]#13, Exhs. 25, 34 & 36; #50, Ex. A..

27  [6]July 14, 2008, is the date stated on the petition.  The petition was received and docketed by the
  Clerk of this Court seven days after this date on Monday, July 21, 2008.  A copy of the prison mail log
28 reflecting the date that petitioner presented the petition for mailing is not in the current record.

-3-

1   constitutional guarantee and must also state the facts that entitle the petitioner to relief on the

2   federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That

3   is, fair presentation requires that the petitioner present the state courts with both the operative

4   facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*,

5   399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts,

6   as a matter of federal-state comity, will have the first opportunity to pass upon and correct

7   alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501

8   U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

9        Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed

10   petition presenting both exhausted and unexhausted claims must be dismissed without

11   prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate

12   relief.

13                                   ***Discussion***

14   ***Ground 1***

15        In Ground 1, petitioner alleges that he was denied a right to effective assistance of

16   counsel in violation of the Fifth, Sixth and Fourteenth Amendments when trial counsel failed

17   to adequately investigate the case and prepare a defense, causing petitioner to accept a plea

18   that he otherwise would not have accepted.

19        Respondents first contend that Ground 1 is not exhausted because a Fifth Amendment

20   legal theory was not presented in the corresponding claim in the state courts. Petitioner

21   acknowledges that the Fifth Amendment was not specifically mentioned in the state court

22   pleadings, and he states that he is "willing to abandon" the reliance on the Fifth Amendment.

23   Petitioner has not acted to do so yet, and the entire petition remains subject to dismissal

24   unless and until the unexhausted claim is dismissed.

25        Respondents further contend that Ground 1 is not exhausted because petitioner

26   includes factual allegations in the ground that were not presented in the corresponding claim

27   in the state courts. Respondents point in particular to allegations in federal Ground 1: (a) that

28   the police officer who interviewed Taylor was of the opinion that Taylor did not intend to shoot

the victim and that he should not be convicted of first-degree murder; and (b) that Taylor's original attorney, David Wall, recognized that substantiating Taylor's claim that the gun had a "hair trigger" was essential to his defense, such that it might be necessary to retain an expert regarding the possibility that the gun fired accidentally.

The Court is not persuaded.  New or additional factual allegations do not render a claim unexhausted unless the allegations fundamentally alter the legal claim presented to the state courts.  *See,e.g., Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 622, 88 L.Ed. 2d 598 (1986); *Detrich v. Ryan*, 619 F.3d 1038, 1063 (9th Cir. 2010).[7]  In the corresponding state court claim, petitioner maintained that trial counsel failed to adequately develop the defense that the shooting was an accident and that he was under the influence of drugs and alcohol at the time.  Petitioner indeed specifically alleged that trial counsel was ineffective for failing to investigate that the weapon was faulty due to a hair trigger, asserting that testing of the weapon would have provided expert testimony tending to establish that the shooting was accidental.[8]  The additional particular allegations presented in federal Ground 1 – that a police officer believed that Taylor did not intend to kill the victim and that original defense counsel believed that it might be necessary to retain a weapons expert to help substantiate an accidental homicide defense – do not fundamentally alter the claim presented in state court.

Ground 1 accordingly is exhausted, except for the claim under the Fifth Amendment.[9]

**Ground 2**

In Ground 2, petitioner alleges, with additional particulars discussed below, that his plea was not entered knowingly, intelligently, or voluntarily in violation of his right to due process under the Fifth and Fourteenth Amendments because (a) he did not understand the consequences of his plea and (b) he was under the influence of medication at the time.

_____

[7]While respondents question *Vasquez*' viability after the adoption of the AEDPA, the Ninth Circuit is applying the rule stated in the text to cases decided under the AEDPA.  *E.g., Detrich, supra.*

[8]#13, Ex. 31, at handwritten pages 8-9.

[9]Respondents also make an across-the-board argument that the filing of three exhibits with the amended federal petition renders all grounds unexhausted.  The Court addresses this contention, *infra.*

1        The Court is persuaded that Ground 2 includes substantial material allegations that

2   fundamentally alter the claim presented to the state courts.

3        In state court, petitioner alleged in pertinent part only that he was coerced into a plea

4   agreement by counsel in some undefined fashion, that he entered an *Alford* plea due to trial

5   counsel's otherwise undefined "promise of leniency" based upon counsel identifying an *Alford*

6   plea as a plea that received leniency from the courts, that trial counsel enlisted the aid of

7   "Clark County officers" to convince petitioner to enter a plea by communicating to them his

8   failure to present any defense, and that he was on medication for depression at the time of

9   the plea, which made coercion by counsel easier.[10]

10        In federal Ground 2, petitioner alleges: (a) that, as a necessary consequence of the

11   plea that he accepted, he would receive, at a minimum, a 50-year sentence and would not

12   be eligible for release on parole until he had served a minimum of 20 years; (b) that after he

13   previously had rejected a pretrial offer involving a potential sentence of 20 years to life,

14   counsel misrepresented the plea that he accepted at the start of the trial by telling him that

15   he would serve no more than 20 years; (c) the state trial judge thereafter had an "off the

16   record" conversation with the parties during a continuance in the plea hearing in which she

17   advised petitioner to accept the plea and promised him that the plea agreement would allow

18   him "to see daylight again," which he understood as validating his attorney's representations

19   that he had no defense, that the plea deal was his only option, and that he would serve no

20   more than 20 years as a result; (d) that if he instead had understood that 20 years

21   represented the minimum rather than the maximum that he would serve and that the plea

22   agreement instead could have resulted in a lifetime sentence, he would not have entered the

23   plea; (e) that his borderline intelligence, dependent personality, and depression made him

24   susceptible to improper influence and less capable of understanding the nature and

25   _____

26       [10]#13, Ex. 31, at handwritten page 7, lines 5-8, 10-12 & 17-18; page 8, lines 4 & 23-25; page 9, lines
27   17 & 25-28; page 10, lines 1-2 , 17-18 & 26-28; and page 12, lines 3 & 12-15.  In state Ground 2, petitioner
    expressly incorporated "all grounds above and below" into the ground.  *Id.*, page 9, lines 7-9.  The Court
28   accordingly has taken into account the entirety of the filing, including the legal argument, in construing the
    claim presented in state court.

consequences of his plea; and (f) that he was under medication when he entered his plea, which in combination with his borderline intellectual functioning and the misrepresentations by the court and his counsel, caused him to enter into the plea.[11]

A claim that defense counsel misrepresented petitioner's sentencing exposure under the plea agreement as involving a maximum 20-year sentence rather than a minimum 20-year sentence fundamentally alters the claim in the state courts that counsel promised vague "leniency" based upon an *Alford* plea receiving leniency from the courts.

A claim that the state trial judge engaged in an off-the-record discussion during a continuance in the plea colloquy wherein she advised petitioner to accept the plea and promised him that he would "see daylight again" under the agreement indisputably fundamentally alters a claim in the state courts that made absolutely no mention or suggestion of such a remarkable alleged event.

A claim that petitioner was unable to comprehend the proceedings and was susceptible to influence because of borderline intellectual functioning and a dependent personality fundamentally alters a state court claim that sought to establish same based solely upon petitioner being on medication for depression. A court presented with the claim presented by Taylor in the state courts in this case would have no inkling that the petitioner also was challenging the voluntariness of his plea based upon having only borderline intellectual functioning and a dependent personality.

In sum, the only portion of federal Ground 2 that is exhausted is the claim that the plea was not knowing, intelligent and voluntary because petitioner allegedly was on medication for depression at the time of the plea. All other claims presented in federal Ground 2 are unexhausted.

### *Ground 3*

In Ground 3, petitioner, after incorporating the factual allegations in Ground 2, alleges that his plea was not knowing, voluntary and intelligent because he was denied effective

---

[11]#12, at 7-9.

assistance of counsel, in violation of the Fifth, Sixth and Fourteenth Amendments, on the basis, as alleged in Ground 2: (a) that defense counsel actively misled him about the consequences of the plea; (b) that his attorneys should have known that he was under the influence of medication; and (c) that his attorneys failed to make necessary accommodations for his borderline intellectual functioning and depression to ensure that his plea would be valid.

As with Ground 1, respondents first contend that Ground 3 is not exhausted because a Fifth Amendment legal theory was not presented in the state courts, and petitioner concedes the point. Petitioner again states that he is "willing to abandon" the reliance on the Fifth Amendment. However, the entire petition nonetheless remains subject to dismissal unless and until petitioner affirmatively seeks the dismissal of the unexhausted claim.

Respondents contend that, with limited exceptions discussed below, Ground 3 is not exhausted because petitioner includes factual allegations in the ground that were not presented in the corresponding claim in the state courts.

Petitioner, even after filing a supplemental opposition, does not directly address this argument with any specific argument in response. Petitioner, as discussed above, addresses the Fifth Amendment contention. And petitioner addresses respondents' across-the-board argument, discussed *infra*, based upon the filing of additional exhibits. But petitioner does not respond with any particularized argument – after two briefing opportunities – to respondents' contention that the factual allegations of Ground 3 itself renders the claim unexhausted.[12] Under Local Rule 7-2(d), petitioner accordingly has consented to the grant of respondents' motion in this respect. At some point, petitioner's counsel needs to both recognize and respond to all bases for dismissal presented.

In any event, in the alternative and on an independent *de novo* review, the factual allegations of Ground 3 fundamentally alter the claim presented in the state courts and render Ground 3 unexhausted with the exception noted *infra*.

---

[12] See #32, at page 14, lines 9-10; page 15, lines 9, 10 & 17; and page 17, lines 4, 18 & 21.

1      Echoing the discussion as to Ground 2, a claim that defense counsel actively misled

2 petitioner about the consequences of the plea, by misrepresenting 20 years as the maximum

3 rather than the minimum exposure, fundamentally alters the claim in the state courts that

4 counsel promised vague "leniency" based upon an *Alford* plea receiving leniency from the

5 courts.[13]

6      The Court is not sanguine that claiming that defense counsel should have known that

7 petitioner was under the influence of medication at the time of the plea adds an issue of any

8 material significance to the litigation.  If petitioner's plea was not knowing, voluntary and

9 intelligent due to the effect of the medication, then it would seem that petitioner would be

10 entitled to relief – on Ground 2 – whether or not his counsel should have known that he was

11 on medication.  If, on the other hand, the medication did not materially impact petitioner's

12 ability to enter a knowing, voluntary and intelligent plea, then it would seem that petitioner

13 would not be able to demonstrate resulting prejudice from any alleged deficient performance

14 in this regard.  In any event, the Court does not find that an allegation that counsel should

15 have known that petitioner was under the influence of the medication fundamentally alters

16 and falls outside the ambit of the claim presented to the state courts.

17      The Court is persuaded that a claim based upon allegations that defense counsel

18 failed to make necessary accommodations for petitioner's borderline intellectual functioning

19 and depression to ensure that his plea would be valid fundamentally alters the claim

20 presented to the state courts.  The state courts, again, would have had no inkling that

21 petitioner was claiming that factors other than the effects of his medication and alleged

22 coercion by counsel rendered him unable to enter a valid plea.

23

24        [13] Respondents assert that the incorporated factual allegations from Ground 2(A) are unexhausted
"other than a claim that trial counsel promised leniency from the court." #26, at page 17, lines 23-24.  This is
25 a curious exception in that respondents otherwise contend that the entirety of Ground 2 is not exhausted
when arguing the exhaustion issue as to Ground 2.  Moreover, neither federal Ground 2(A) nor Ground 3
26 allege that counsel promised leniency from the sentencing court.  Rather, Ground 2(A) and Ground 3 allege
instead that defense counsel actively misrepresented petitioner's maximum sentencing exposure under the
27 plea agreement.  That is an entirely different claim.  In all events, the Court's consideration of the exhaustion
issue is not necessarily cabined by respondents' arguments, and the Court can consider exhaustion issues
28 *sua sponte*.  *See,e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

1        In sum, the only portion of federal Ground 3 that is exhausted is the claim that the plea

2   was not knowing, intelligent and voluntary because defense counsel should have known that

3   petitioner was under the influence of medication.  All other claims presented in federal Ground

4   3 are unexhausted.

5        *Exhibits and Exhaustion*

6        Respondents contend that all claims in the amended petition are unexhausted because

7   petitioner presented three exhibits with the pleading that were not presented in the state

8   courts.[14]  Respondents rely upon First Circuit authority for the proposition that it is petitioner's

9   "heavy burden to plead and prove that each and every document was presented to the

10  Nevada Supreme Court and that the Nevada Supreme Court actually considered the

11  documents."[15]  Even if, *arguendo*, the authority cited in fact places such a heavy burden on

12  habeas petitioners in the First Circuit, the stated proposition clearly is not the law under either

13  Supreme Court or Ninth Circuit  case law.  *See,e.g., Vasquez, supra; Detrich, supra.*  If the

14  new allegations or evidence do not fundamentally alter the claim presented to the state

15  courts, the new material does not render the claim unexhausted.  Grounds 1 through 3 are

16  exhausted, or not, as per the analysis conducted above, not based upon whether each and

17  every document presented in federal court also was presented in the state courts.

18       *Disposition and Remaining Matters*

19       The amended petition is a mixed petition with unexhausted claims.  The Court

20  accordingly will grant respondents' motion in part and allow petitioner an opportunity to seek

21  appropriate relief vis-à-vis the unexhausted claims.

22       If and as necessary, the Court will address the remaining grounds for dismissal raised

23  by the motion to dismiss on a renewed motion following the completion of all proceedings

24  pertaining to the lack of complete exhaustion.  On any such renewed motion to dismiss, the

25  parties will be able to incorporate their prior briefing as well as, if they wish, to present

26  _____

27       [14]See #13, Exhs. 37-39.

28       [15]#26, at 15.

-10-

additional points and authorities in the supporting, opposition, and reply memoranda on the renewed motion.

In the event of a renewed motion, the Court will direct at that time in connection with same: (a) that respondents file an additional supplemental exhibit with the mail log entry showing the date that petitioner tendered the federal petition to prison authorities for mailing; and (b) that both counsel address the application of the standard outlined in *Bills v. Clark*, ___ F.3d ___, 2010 WL 4968692 (9th Cir., Dec. 8, 2010), to petitioner's claim of equitable tolling based upon mental health issues.

IT THEREFORE IS ORDERED that petitioner's motion (#47) for leave to file a supplemental opposition and respondents' motion (#51) to file a late response to the motion for leave to file a supplemental opposition both are GRANTED.

IT FURTHER IS ORDERED that respondents' motion (#26) to dismiss is GRANTED IN PART, consistent with the remaining provisions set forth below. The Court holds that the following grounds (hereafter, the "unexhausted claims") are not exhausted:

        (a)    the Fifth Amendment claim in Ground 1;

        (b)    Ground 2 in its entirety; and

        (c)    the Fifth Amendment claim in Ground 3 and all other claims in Ground 3 **except** for the claim that the plea was not knowing, intelligent and voluntary because of ineffective assistance of counsel because defense counsel should have known that petitioner was under the influence of medication.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding

-11-

his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court.  The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

IT FURTHER IS ORDERED that respondents may file a response to any such motion filed, and petitioner may file a reply, within the normal time limits provided for in Local Rule LR 7-2, but running initially from service of the verification rather than the motion.

DATED:   February 8, 2011

_____
EDWARD C. REED
United States District Judge