# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR TERRELL TAYLOR,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:08-cv-00401-ECR-VPC

ORDER

This represented habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#55) for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

### *Clarification of Prior Order*

At the outset, petitioner and respondents correctly note an inconsistency in the prior order (#54) regarding the exhaustion of Ground 2. In the discussion, the Court held that all claims in Ground 2 were unexhausted except for the claim that the plea was not knowing, intelligent and voluntary because petitioner allegedly was on medication for depression at the time of the plea.[1] In the disposition paragraph, however, the Court stated that it was holding, *inter alia*, that "Ground 2 in its entirety" was unexhausted.[2] The Court erred in this second statement of its holding, as the disposition paragraph failed to correctly summarize and carry forward the holding from the discussion portion of the order with respect to Ground 2.

The Court will correct this error in the disposition paragraphs herein.

---

[1] #54, at 7, lines 20-23.

[2] #54, at 11, lines 13-14 & 16.

### *Motion for a Stay*

In order to seek a *Rhines* stay to return to the state courts to exhaust a claim or claims, the petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278, 125 S.Ct. 1535.

### *Good Cause*

While the precise contours of what constitutes "good cause" in this context remain to be fully developed in the jurisprudence, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The undersigned concluded in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev. 2006), following upon the Ninth Circuit's holding in *Jackson*, that the good cause standard under *Rhines* therefore is not so strict a standard as to require a showing of some extreme and unusual event beyond the control of the petitioner to warrant a stay. 415 F.Supp.2d at 1210.[3] On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

---

[3]In *Riner*, the Court's order was issued following a remand from the Ninth Circuit for reconsideration of its dismissal order in light of the intervening authority in *Rhines*. The Court did not hold that Riner either had or had not demonstrated good cause. The order instead gave Riner an opportunity *to* demonstrate good cause and the other requirements for a *Rhines* stay. Riner thereafter did not seek such a stay but instead sought reconsideration of the Court's prior holding that the claims in question were unexhausted. See, e.g., No. 3:99-cv-0258-ECR-RAM, #72. The published *Riner* decision therefore did not make a definitive holding as to good cause applicable to a then-attempted specific factual demonstration of good cause.

In the present case, the Court finds that petitioner's mental health difficulties, his borderline intellectual functioning, and the substantial variations in his mental health medication regimen, as detailed in the briefing on the motion to dismiss,[4] are sufficient to clear the less stringent threshold required to establish good cause under *Rhines* for the prior failure to exhaust the unexhausted claims. The Court's focus here is exclusively on whether petitioner demonstrates good cause as a basis for a stay following upon his prior failure to exhaust all claims presented on federal habeas review. This order makes no determination that petitioner's situation would establish a basis for either equitable tolling and/or cause to excuse a procedural default. Further, the Court will not hold a petitioner to such a high initial threshold showing in this context that the procedural issue of whether to enter a stay then requires a full evidentiary hearing as might be required to resolve an equitable tolling issue.

The Court's finding of good cause in this case clearly does not make stay orders routine. Not every habeas petitioner presents a claim of mental health difficulties, borderline intellectual functioning, and substantial variations in his mental health medication regimen. Of those that do, fewer still present documentation supporting a *prima facie* showing corresponding to that presented in this case.

The Court is not persuaded by respondents' argument seeking to have the Court apply the "extraordinary circumstances" standard applicable under an equitable tolling analysis to the good-cause inquiry under *Rhines*. The Ninth Circuit held in *Jackson* that the "extraordinary circumstances" standard was not applicable in this context, and the Ninth Circuit adhered to this holding in *Wooten*. *Jackson*, 425 F.3d at 661-62; *Wooten*, 540 F.3d at 1023-24. This Court must follow the binding Ninth Circuit precedent in this regard. The Court, consistent with that precedent, will not equate "good cause" with the "extraordinary circumstances" required for equitable tolling. Nor will the Court follow an analysis that potentially would make the procedural question of whether to enter a stay turn upon a full evidentiary hearing as might be required to resolve an equitable tolling issue.

---

[4] See #32, at 2 & 4-11.

    While the Court finds good cause under *Rhines*, the Court, expressly, is not relying for this finding upon the content of the instructions in the state petition form, the state courts' rejection of claims on procedural grounds rather than on merits, the state courts' decision of claims without an evidentiary hearing, and/or the state courts' decision to not appoint post-conviction counsel.

    Petitioner asserts that the instructions on the state petition form encourage a petitioner to only "concisely" state his grounds and to tell his "story" "briefly" as to each ground, provides only four grounds for relief, and provides only a single page to list the factual and legal basis for all four grounds. Instruction 6 in the form, however, clearly states:

> You must allege specific facts supporting the claims in the petition you file seeking relief from any conviction or sentence. Failure to allege specific facts rather than just conclusions may cause your petition to be dismissed. . . . .

#13, Ex. 15, at 2; #25, Ex. 25, at 1. Instruction 5 in the form clearly states:

> You must include all grounds or claims for relief which you may have regarding your conviction or sentence. Failure to raise all grounds in this petition may preclude you from filing future petitions challenging your conviction and sentence.

#13, Ex. 15, at 1-2; #25, Ex. 25, at 1. And Instruction 1 in the form states that additional pages are not permitted "except . . . with respect to the facts which you rely upon to support your grounds for relief." Petitioner's suggestion that the petition form appears to limit a petitioner to only four grounds set forth together on a single page with no factual specificity is wholly unpersuasive. The petition form instead clearly instructs a petitioner that he must include all grounds or claims for relief that he has, that he must allege the specific facts supporting those claims, and that he may use additional pages to state the supporting facts.

    Against this backdrop, a state court disposition of the claims on procedural grounds rather than the merits and without an evidentiary hearing does not in any sense provide good cause for a petitioner's failure to fairly present a claim. On both state and federal post-conviction review, the petitioner must set forth the factual specifics supporting his claims in the petition. Elucidation of the petitioner's claims does not come only after a court reaches the merits; and an evidentiary hearing is a vehicle for resolving, not asserting, claims.

Nor does a failure to appoint state post-conviction counsel, standing alone, constitute good cause for a failure to exhaust a claim. Mere *pro se* status clearly does not present good cause. Reliance upon such a circumstance for a finding of good cause would make *Rhines* stays virtually automatic in the abundantly common situation where the state courts do not appoint post-conviction counsel, which they are under no constitutional requirement to do.

The Court's finding of good cause herein instead is based upon the mental health and related issues referred to above.

Subject to the above qualifications as to the basis for the Court's finding, petitioner has demonstrated good cause, for purposes of the *Rhines* analysis, for the failure to exhaust the claims.

***Not Plainly Meritless***

The unexhausted claims in Grounds 2 and 3, which are described in greater detail in the prior order,[5] are not plainly meritless. The *Rhines* Court made a comparison cite to 28 U.S.C. § 2254(b)(2) with regard to this inquiry. 544 U.S. at 277, 125 S.Ct. at 1535. The Ninth Circuit has held that a district court may reject an unexhausted claim on the merits pursuant to § 2254(b)(2) "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). The unexhausted claims in Grounds 2 and 3 clearly pass muster under this standard.

Respondents contend, however, in order to preserve the argument, that the Court should find that the claims are "plainly meritless" for purposes of the *Rhines* analysis because they allegedly likely would be procedurally defaulted. Respondents rely upon *Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005), and *Carter v. Friel*, 415 F.Supp.2d 1314 (D. Utah 2006).

As respondents acknowledge, the Court noted in *Riner* that it was not bound by these decisions. 415 F.Supp.2d at 1211. Nor is the Court persuaded that it should follow the

---

[5] #54, at 5-9. Petitioner has stated that he will abandon the unexhausted Fifth Amendment legal theory in Ground 1, but it does not appear that he has done so as yet. At some point prior to or at the point that this matter ultimately is reopened, petitioner must affirmatively move to dismiss this unexhausted legal claim.

decisions. Arguably, the decisions do not consider the impact of procedural default at the appropriate point in the proceedings. For example, in this case, if it had been established beyond peradventure that the claims were procedurally defaulted, the Court would not even be considering a possible stay at this point. It would have concluded that the claims were constructively exhausted because they indisputably were procedurally defaulted and then dismissed the claims with prejudice on the basis of procedural default.

In this regard, it is significant that the Nevada state courts apply substantially the same standards to excuse a procedural default as apply in federal court.[6] In such a situation, comity weighs strongly in favor of the state courts being given the first opportunity to consider the claims and the application of any state procedural bars.[7] The prospect thus is avoided that a federal court potentially might find the procedural default overcome and reach the merits of a claim that the state courts in truth never have had a fair opportunity to consider.

Procedural default therefore would appear to be an issue that potentially is relevant prior to and/or after a *Rhines* stay inquiry, but not during. On the one hand, procedural default potentially may be a relevant issue in advance of a possible stay inquiry, as a potential basis for a holding that a claim is constructively exhausted because it is procedurally defaulted. If such a holding is made as to a claim, the issue of a stay then never arises as to that claim, because it instead will be dismissed with prejudice. On the other hand, procedural default potentially may be a relevant issue after a stay has been granted, if the state courts hold during the stay that the claim is procedurally barred under state law.

---

[6] *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004) (recognizing that Nevada's cause-and-prejudice analysis and the federal cause-and-prejudice analysis are nearly identical); *Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

[7] *Cf. Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991)(the exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees); *Cassett*, 406 F.3d at 622-23 (deferring to state courts as to consideration of state procedural bars in the first instance).

But it does not appear either that procedural default is an appropriate inquiry as to the stay analysis itself or that *Rhines* contemplated such an inquiry in determining whether a claim is "plainly meritless." *Rhines* instead cited to 28 U.S.C. § 2254(b)(2), a statute that pertains to a merits dismissal rather than a dismissal based upon a procedural default. The proper focus under the second *Rhines* factor is on the merits, as to whether "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett, supra*.

Grounds 2 and 3 satisfy this standard, and the Court accordingly finds that the claims are not plainly meritless.

### *No Intentionally Dilatory Litigation Tactics*

Nothing in the record before the Court reflects that petitioner has engaged in intentionally dilatory tactics. While it perhaps is not utterly inconceivable that a noncapital habeas petitioner might engage in such tactics, the relevance of this factor, as a practical matter, largely is restricted to capital cases.[8]

As with the prior two factors, the Court is not persuaded by respondents' effort to convert this factor into something that it is not. An inquiry into whether the petitioner has engaged in intentionally dilatory litigation tactics does not involve an inquiry into whether any delay has been reasonable. The third *Rhines* factor does not import an essentially laches inquiry as to the reasonableness of delay into the stay analysis.

The motion for a stay accordingly will be granted.[9]

---

[8] *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n. 9,127 S.Ct. 1079, 1090 & n.9, 166 L.Ed.2d 924 (2007)(Ginsburg, J., dissenting)("Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims. . . . . Though capital petitioners may be aided by delay, they are a small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010), *vacated for reconsideration on other grounds*, 131 S.Ct. 1042 (2011)(petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant").

[9] Respondents request that the Court give an instruction to petitioner that, "absent truly extraordinary and unforeseeable circumstances," he must bring only exhausted claims upon his return to federal court. #57, at 11, lines 22-25. Respondents rely upon *Slack v. McDaniel*, 529 U.S. 473, 489, 120 S.Ct. 1595, 1606, 146 L.Ed.2d 542 (2000). The petitioner in that case conceded that such an instruction would be "appropriate" in the procedural context discussed there. That context was one where a *pro se* petitioner had dismissed a

(continued...)

IT THEREFORE IS ORDERED that petitioner's motion (#55) for a stay and abeyance is GRANTED and that this action is STAYED pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding within, subject to reasonable request for extension, forty-five (45) days of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[10]

IT FURTHER IS ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued, petitioner: (a) shall attach an indexed set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s) on the docketing system) containing the state court record materials relevant to the issues herein that cover the period between the state court exhibits on file in this matter and the motion to reopen; and (b) if petitioner then intends to further amend the petition, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move

---

[9](...continued)
prior mixed petition and then refiled in a new action after exhaustion. In *Slack*, the Supreme Court held that such a petition was not a successive petition. The Supreme Court referred to the above instruction as one, of many, possible protections outside of the successive petition rules against a petitioner simply filing a series of mixed petitions. *See* 529 U.S. at 488-89, 120 S.Ct. at 1606. Such an instruction would not serve any useful purpose in the present procedural context, particularly given the impact of the federal one-year limitation period. *Cf. Slack*, 529 U.S. at 478-79, 120 S.Ct. at 1601 (both the first federal petition in 1991 and the second petition in 1995 were filed prior to the effective date of AEDPA). Petitioner is represented by federal habeas counsel who indisputably is aware of the exhaustion requirement, and there are few circumstances where this Court would grant a request for a second stay. Instructing a knowledgeable federal habeas practitioner that the Court will consider further unexhausted claims after a stay only in "truly extraordinary and unforeseeable circumstances," at best, merely states the obvious as to a dispute that may never arise. At worst, such an instruction would provide scant true guidance in resolving such a dispute should the situation arise. The Court will cross the bridge of how to address any additional unexhausted claims, and any circumstances leading to the presentation of such unexhausted claims, if and when such a situation is presented.

[10]If *certiorari* review is sought, either party may move to reinstate the stay for the duration of any such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335, 127 S.Ct. 1079, 1084, 166 L.Ed.2d 924 (2007).

for leave.[11] Respondents shall have thirty (30) days to file a response to the motion or motions filed. The reopened matter will proceed under the current docket number.

IT FURTHER IS ORDERED that the entry of a stay herein is without prejudice to respondents' remaining procedural defenses, including those raised in their prior motion (#26) to dismiss that were not reached previously by the Court. In the event of a renewed motion to dismiss, the Court will direct in connection with same: (a) that respondents file an additional supplemental exhibit with the mail log entry showing the date that petitioner tendered the federal petition to prison authorities for mailing; and (b) that both counsel address the application of the standards outlined in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), *mandate held for filing of certiorari petition*, No. 08-17517 (9th Cir., Jan. 28, 2011), to petitioner's claim of equitable tolling based upon mental health and related issues.

IT FURTHER IS ORDERED that the Court's prior order (#54) hereby is CLARIFIED and MODIFIED to reflect, in lieu of line 16 on page 11 of said order, as to the paragraph (b) on that line, that the Court holds that "all claims in Ground 2 **except** for the claim that the plea was not knowing, intelligent and voluntary because petitioner allegedly was on medication for depression at the time of the plea" are not exhausted.

IT FURTHER IS ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

DATED: April 4, 2011.

_____
EDWARD C. REED
United States District Judge

---

[11] No claims in the current pleadings are dismissed by this order. The unexhausted Fifth Amendment claim in Ground 1 must be either exhausted or dismissed prior to or at the point that this matter is reopened.